essential feature an electrical element or device, *Davies, Turner & Co.* v. *United States*, 9 Cust. Ct. 242, C.D. 701.

It is also apparent that this entire apparatus was designed, imported, and used as a unit for the sole purpose of making a welded tube out of raw material. As such, it is an entirety for tariff purposes. *Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, T.D. 41232; *Donalds Ltd., Inc.* v. *United States*, 32 Cust. Ct. 310, C.D. 1619.

Defendant, on the other hand, contends the imported merchandise is more than a welding machine, since it performs a number of functions with welding being only one, and cites the case of *B. R. Anderson & Co.* v. *United States*, 30 Cust. Ct. 420, Abstract 57258. The *Anderson* case, *supra*, involved a salmon-filling machine, which forced fish into a chamber, cut them to the proper length to fit the can, and forced the fish into the can. The Government, in that case, contended that, by virtue of the cutting operation, the imported machine was a food-cutting machine. The court, in noting that the cutting operation was an essential function of the machine, found that it did not *ipso facto* make the article a food-cutting machine, since the cutting was only one of several operations performed by the machine. While there is some similarity between the *Anderson* case, *supra*, and the case at bar, they are clearly distinguishable. The case at bar involves the interpretation of the term, "apparatus," which, as indicated, *supra*, includes machinery. Machinery, of course, is a combination of machines for the purpose of performing a specific function which language is, of course, broader. The *Anderson* case, *supra*, did not so construe either apparatus or machinery. Accordingly, the *Anderson* case, *supra*, is not controlling herein.

In view of the foregoing and following the authorities cited herein, we find that the tube welding plant falls within the common meaning of the term welding apparatus, as claimed. To that extent, the protest is sustained. As to all other claims, the protest is overruled.

Judgment will be rendered accordingly.

**No. 69225.**—Standard Commodities Import-Export Corp. *v.* United States, protests 63/17166, etc. (Los Angeles).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of rayon labels similar in all material respects to those the subject of *Bruce Duncan Co., Inc., a/c Standard Commodities Import & Export Corp.* v. *United States* (51 Cust. Ct. 27, C.D. 2409), the claim of the plaintiff was sustained.

**No. 69226.**—O'Browne & Co., Ltd., et al. *v.* United States, protests 63/18841, etc. (Los Angeles).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of rayon labels similar in all material respects to those the subject of *Bruce Duncan Co., Inc., a/c Standard Commodities Import & Export Corp.* v. *United States* (51 Cust. Ct. 27, C.D. 2409), the claim of the plaintiffs was sustained.

**No. 69227.**—Stern & Stern Textiles, Inc. *v.* United States, protest 64/6431 (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the items of merchandise are not wholly or in chief value of cotton, rayon, or silk and that they are wholly or in chief value of a synthetic fiber (nylon), the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, APRIL 8, 1965

**No. 69228.**—Micro Auto Imports and Mini Auto of California *v.* United States, protests 64/3022(A) and 64/7371 (Los Angeles).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of electric motors similar in all material respects to those the subject of Abstract 66961, the claim of the plaintiffs was sustained.

**No. 69229.**—Shalom & Co. and Windsor Pen Mfg. Co., Inc. *v.* United States, protests 62/18086 and 62/6071 (New York).

Opinion by NICHOLS, J. In accordance with stipulation of counsel that the merchandise consists of plastic cases permanently fitted and furnished with traveling sets similar in use to leather cases and that the principles are the same as those involved in Abstract 64484, the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, APRIL 8, 1965

**No. 69230.**—Knit-Wits *v.* United States, protest 63/21717 (Los Angeles).